Honorable Brian D. Lynch
Hearing Date: July 17, 2023
Hearing Time: 9:00 a.m.
Location: Tacoma, Courtroom I
Response Deadline: July 10, 2023

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>JUSTIN RUSSELL GRIFFITH and<br><br>MIRANDA ROSE GRIFFITH,<br><br>Debtor. | Case No. 23-40433-BDL<br><br>UNITED STATES TRUSTEE'S MOTION FOR THE IMPOSITION OF CIVIL PENALTY PURSUANT TO 11 U.S.C. § 707(b)(4). |

Gregory M. Garvin, the Acting United States Trustee for Region 18 (the "United States Trustee"), hereby moves for the imposition of civil penalty pursuant to 11 U.S.C. § 707(b)(4) (the "Motion") against John A. Sterbick. This Motion relies on the below memorandum, public records, and the declaration of Brian Braun ("Braun Decl."). The Debtors income was underreported based on the Debtors regular hourly wage, and both his overtime income and his business income were wholly omitted from schedule I. The underreported and omitted income was obvious on his pay stubs and bank statements, both of which should have been reviewed by Mr. Sterbick prior to filing the petition.

1. Mr. Sterbick appeared on behalf of the Debtors in the above-captioned case (the "Chapter 7 Case").

2. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409(a).

3. The United States Trustee has standing to seek civil penalty as a party in interest

UNITED STATES TRUSTEE'S MOTION FOR CIVIL
PENALTY - Page 1

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

pursuant to 11 U.S.C. §§ 307; and 105(a), 526 and 707(b)(4).

4. **BACKGROUND**

Debtors filed a voluntary petition for relief under Title 11, chapter 7, of the United States Code on March 22, 2023. The bankruptcy petition filed with the Court was signed /s/ John A. Sterbick on March 22, 2023, and contains the following certification:

> I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, *in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.*

ECF #1, pg. 7 (emphasis added).

Despite the above certification, Mr. Sterbick either did not conduct an inquiry into the facts or filed documents that he knew were false. As of at least December of 2022, Mr. Griffith's base salary has been $1,800.00 per week, or $7,800.00 per month. *See* Braun Decl paragraph 13. Further, Mr. Griffith has earned $1,248.75 in overtime as of April 2, 2023. *Id.* Further, according to the testimony of Mr. Griffith at the section 341 meeting that took place on April 18, 2023, he sells baseball cards on Ebay with his brother and several friends. Debtor's bank statements showed many deposits from Ebay and PayPal, including $7,252.50 in deposits in March of 2023. *Id.*

The schedules underreported Debtor's wages and omitted Debtor's overtime despite such income being reported on his pay stubs. Schedule I, line 2, requires a Debtor to list their gross wages, salary, and commissions (before all payroll deductions), as of the date the form is filed. The Debtors' schedule I, line 2, did not list Debtor's $7,800.00 salary. Instead, the schedules disclosed only $7,138.75 in gross wages. ECF #1, pg. 38, line 3. Schedule I also requires a debtor to estimate and list their monthly overtime. Despite overtime earnings also being present on Debtor's pay stubs, both before and after the petition date, schedule I listed $0.00 in estimated monthly overtime pay. *Id.* Line 3.

UNITED STATES TRUSTEE'S MOTION FOR CIVIL PENALTY - Page 2

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Similarly, the schedules did not list any of Debtors' income from the sale of baseball cards, despite the bank statements listing approximately $21,000 from eBay and PayPal deposits between September 2022, and February 2023. Braun Decl. at ¶ 1. Line 8a of the schedules requires a debtor to list all net income from operating a business, and line 8h requires a debtor to list any other monthly income. Both lines on schedule I were blank. ECF #1, pgs. 38-39. Furthermore, the SOFA did not disclose any transfers to insiders even though the bank statements show $3,550.15 in transfers to Debtor's brother. *Id.* pg. 18; Braun Decl. ¶ 14. In addition, while no baseball cards were listed on schedule A/B, Debtor deposited over $7,000.00 from eBay and PayPal in March of 2023. ECF#1, pg. 12; Braun Decl. at ¶11.

Despite having documents that contradict the schedules, Mr. Sterbick has not corrected the schedules. The U.S. Trustee received the pay stubs indicating the higher than reported income on February 14, 2023, via U.S. Mail from Mr. Sterbick's office. *See* Braun Decl. at ¶ 9. The U.S. Trustee subsequently received the bank statements showing the PayPal and eBay deposits, again by U.S. Mail from Mr. Sterbick's office, on May 12, 2023. *Id.* at ¶ 12. While Mr. Sterbick amended the schedules, per request of the U.S. Trustee, on April 11, 2023, to add an additional individual to the household size, he did not correct the schedules to divulge the additional income, to reflect the transactions from eBay and PayPal, or to disclose the payments to his brother. *Id.* at ¶¶7-9.

Had Mr. Sterbick looked at the pay stubs prior to filing the petition he would have been aware of (1) Debtor's actual salary and (2) Debtor's overtime income. Had Mr. Sterbick looked at the Debtors bank statements prior to filing, he also would have been aware of (3) Debtors receipt of additional funds from Ebay and Paypal and (4) the transfer of money to his brother within the year prior to the filing of the case. Had Mr. Sterbick asked a single follow-up question about the bank statements, he would have been aware of (5) the sale of baseball cards by Debtor, and (6) he would have been alerted to the possibility that Debtor owned sufficient baseball cards to deposit more than $7,000.00 into his bank account post-petition.

UNITED STATES TRUSTEE'S MOTION FOR CIVIL PENALTY - Page 3

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

## II. AUTHORITY AND ARGUMENT

### A. John Sterbick did not conduct a reasonable inquiry into the facts or filed the schedules knowing they were inaccurate.

Mr. Sterbick did not perform a reasonable inquiry into the facts of the bankruptcy case. Section 707(b)(4) provides, in relevant part, that:

> (C) The signature of an attorney on a petition…shall constitute a certification that the attorney has–
>
> (i) performed a reasonable investigation into the circumstances that gave rise to the petition…; and
>
> (ii) determined that the petition…– is well ground in fact…[and]
>
> (D) The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

In support of § 707(b)(4), Official Form 101 (Voluntary Petition) requires a signature by the debtor's attorney and notes with reference to that signature as follows:

> In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

*See* ECF # 1, pg. 7.

The bankruptcy court in Massachusetts in *In re Withrow*, 391 B.R. 217 (Bankr. D. Mass. 2008), developed a five-part test for whether the debtor's counsel's level of inquiry or investigation was reasonable under section 707(b)(4)(C):

(1) did the attorney impress upon the debtor the critical importance of accuracy in the preparation of documents to be presented to the Court;

(2) did the attorney seek from the debtor, and then review, whatever documents were within the debtor's possession, custody or control in order to verify the information provided by the debtor;

(3) did the attorney employ such external verification tools as were available and not time or

UNITED STATES TRUSTEE'S MOTION FOR CIVIL PENALTY - Page 4

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

cost prohibitive (e.g., on-line real estate title compilations, on-line lien search…;

(4) was any of the information provided by the debtor and then set forth in the debtor's court filings internally inconsistent – that is, was there anything which should have obviously alerted the attorney that the information provided by the debtor could not be accurate; and

(5) did the attorney act promptly to correct any information presented to the Court which turned out, notwithstanding the attorney's best efforts, to be inaccurate.

*Id.* at 228.

The five-part Withrow test has been adopted by bankruptcy courts in the Ninth Circuit. *See, e.g., In re Dean*, 401 B.R. 917, 924 (Bankr. D. Idaho 2008) (utilizing parts of the five-part test in *Withrow* to hold section 707(b)(4)(C) had been violated); *In re Seare,* 493 B.R. 158 (Bankr. D. Nev. 2013) (citing *Withrow* throughout its 707(b)(4)(C) analysis).

The U.S. Trustee cannot speak to the first factor at this time because he does not have information about what communications Mr. Sterbick had with his clients. As to the second factor, Debtors' bank statements and pay advices were, or should have been, in Debtors' possession custody or control. If those documents were provided to Mr. Sterbick, he either did not review them or included information in the schedules that he knew was not correct.

Regarding the third factor, all of the information necessary for a proper analysis was contained in the pay advices and bank statements. Again, Mr. Sterbick either did not review those documents or chose not to disclose the information contained therein.

The fourth factor also weighs in favor of a civil penalty because the pay stubs and bank statements directly contradicted the statements in the schedules. Schedule I listed a much lower number of gross wages than Debtor actually receives, Schedule I omitted the overtime that was included on Debtor's pay advices, and schedule I did not list any business or other income that was evident on Debtors' bank statements. The schedules were also devoid of any reference to the baseball cards Debtor owned or had been selling, and the SOFA did not disclose any of the funds transferred to Debtor's brother that were listed in his bank records.

The fifth factor is met in this case as well. While Debtors' promptly amended schedule J

UNITED STATES TRUSTEE'S MOTION FOR CIVIL PENALTY - Page 5

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

to their benefit to disclose an additional member of the household, the schedules have not been amended to reflect the additional or omitted income shown on the pay advices that were provided to the U.S. Trustee by Mr. Sterbick, nor were the schedules amended to disclose the other transactions that are evident on the bank statements, which were also provided to the U.S. Trustee by Mr. Sterbick.

### III. CONCLUSION

The United States Trustee respectfully requests that an appropriate civil penalty be levied against Mr. Sterbick in the amount of $5,000 (five thousand dollars).

Dated this Tuesday, June 20, 2023, by:

                                              Gregory M. Garvin
                                              Acting United States Trustee for Region 18

                                              /s/ *Matthew J.P. Johnson*
                                              Matthew J.P. Johnson, WSBA #40476
                                              Attorney for United States Trustee

UNITED STATES TRUSTEE'S MOTION FOR CIVIL PENALTY - Page 6

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)